**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| SUSAN FINGER, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **COMPLAINT FOR** |
| NATIONAL WESTERN LIFE GROUP, INC., | ) **VIOLATIONS OF THE** |
| DAVID S. BOONE, E. J. PEDERSON, TODD | ) **FEDERAL SECURITIES LAWS** |
| M. WALLACE, ROSS R. MOODY, THOMAS | ) |
| A. BLACKWELL, STEPHEN E. GLASGOW, | ) **JURY TRIAL DEMANDED** |
| FRANCES A. MOODY-DAHLBERG, E. | ) |
| DOUGLAS MCLEOD, and CHARLES D. | ) |
| MILOS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Susan Finger ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against National Western Life Group, Inc. ("National Western" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Prosperity Life Group ("Prosperity Life").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2. On October 8, 2023, National Western entered into an Agreement and Plan of Merger (the "Merger Agreement") with S. USA Life Insurance Company, Inc. ("Parent"), an affiliate of Prosperity Life, and Parent's wholly owned subsidiary, PGH Merger Inc. ("Merger Sub"). The Merger Agreement provides that National Western stockholders will receive $500.00 in cash per share of Company common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the November 30, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for January 8, 2024.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of National Western common stock.

10. Defendant National Western is a Delaware corporation with its principal executive offices located at 10801 N. Mopac Expy, Bldg. 3, Austin, Texas 78759. National Western's shares trade on the Nasdaq Global Select Market under the ticker symbol "NWLI." National Western is the holding company for National Western Life Insurance Company ("NWLIC"), a stock life insurance company chartered in the state of Colorado in 1956. As of December 31, 2022, NWLIC maintained 81,917 policies for its life insurance products and 99,041 annuity contracts. NWLIC acquired Ozark National Life Insurance Company ("Ozark National"), effective January 31, 2019. As of December 31, 2022, Ozark National maintained 171,915 policies for its life insurance products. As part of this acquisition, National Western

acquired N.I.S. Financial Services, Inc., a broker-dealer affiliated with Ozark National providing mutual fund investment products.

11. Defendant David S. Boone is and has been a director of the Company at all times relevant hereto.

12. Defendant E. J. Pederson is and has been a director of the Company at all times relevant hereto.

13. Defendant Todd M. Wallace is and has been a director of the Company at all times relevant hereto.

14. Defendant Ross R. Moody is and has been Chairman of the Board and President, Chief Executive Officer and a director of the Company at all times relevant hereto.

15. Defendant Thomas A. Blackwell is and has been a director of the Company at all times relevant hereto.

16. Defendant Stephen E. Glasgow is and has been a director of the Company at all times relevant hereto.

17. Defendant Frances A. Moody-Dahlberg is and has been a director of the Company at all times relevant hereto.

18. Defendant E. Douglas McLeod is and has been a director of the Company at all times relevant hereto.

19. Defendant Charles D. Milos is and has been a director of the Company at all times relevant hereto.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On October 9, 2023, Prosperity and the Company jointly announced in relevant part:

Austin, Texas, October 9, 2023 - National Western Life Group, Inc. ("National Western" or the "Company") (NASDAQ:NWLI), and Prosperity Life Group ("Prosperity Life Group") today announced the signing of a definitive Merger Agreement whereby S. USA Life Insurance Company, Inc. ("SUSA"), an affiliate of Prosperity Life Group, will acquire National Western in an all-cash transaction valued at approximately $1.9 billion (the "Merger Agreement").

As part of the agreement, each issued and outstanding share of National Western common stock will be converted into the right to receive $500 in cash at closing of the merger. The merger consideration of $500 per share of National Western's Class A Common Stock and Class B Common Stock (the "Merger Consideration") represents an 87.1% premium to the unaffected Class A Common Stock share price of $267.29 on May 16, 2023, as well as an 11.8% premium over National Western's 30-day volume-weighted average price as of October 6, 2023. The merger has received the unanimous approval of National Western's Board of Directors.

Nicholas von Moltke, President and Chief Executive Officer of Prosperity Life Group, said, "The acquisition of National Western represents a significant milestone in the continued expansion of our insurance business. We look forward to welcoming National Western to Prosperity Life Group. National Western's capabilities will further complement our ambition to deliver a compelling value proposition to our policyholders and the company."

Ross R. Moody, Chairman of the Board and Chief Executive Officer of National Western, said, "This is an exciting moment in National Western's history. I would like to thank our board of directors, particularly our strategic opportunities committee of independent directors, which conducted a thorough review of a range of strategic alternatives and possible business opportunities to maximize value for our stockholders. The transaction provides clear and immediate value for our stockholders at an attractive premium."

The merger is expected to close in the first half of 2024. It is subject to certain customary closing conditions for a transaction of this type, including approval by National Western's stockholders, antitrust clearance and receipt of insurance regulatory approvals. National Western stockholders that collectively own common shares representing approximately 29.7% of the total voting power of the Company's common shares (including 99% of the Company's Class B

Common Stock) have executed voting and support agreements with SUSA. Under these voting and support agreements, each of these stockholders has agreed to vote all common shares owned by that stockholder in favor of the Merger Agreement and against any alternative transactions.

National Western will file a current report on Form 8-K with the U.S. Securities and Exchange Commission (the "SEC") containing a summary of the terms and conditions of the proposed acquisition, as well as a copy of the Merger Agreement and the form of voting and support agreement.

The Merger Consideration will be funded through a combination of (i) cash from internal sources, (ii) a capital commitment from affiliates of Elliott Investment Management L.P. and (iii) borrowing under existing facilities or debt commitments, the aggregate proceeds of which will provide Prosperity Life Group and its affiliates with the funds needed to consummate the merger, including to pay the aggregate Merger Consideration pursuant to the Merger Agreement. The capital commitment will be reduced by the amount of any debt actually funded at closing if and to the extent that such debt financing is used to fund the payment of Merger Consideration.  The completion of the merger is not conditioned on receipt of financing by Prosperity Life Group or its affiliates.

**Advisors**

Citi is serving as financial advisor and Debevoise & Plimpton LLP is serving as legal advisor to Prosperity Life Group and SUSA on this transaction.

Goldman Sachs & Co. LLC serves as financial advisor and Sidley Austin LLP is acting as outside M&A counsel to National Western on this transaction.

**The Materially Incomplete and Misleading Proxy Statement**

22. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on November 30, 2023  The Proxy Statement, which recommends that National Western stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) National Western's financial forecasts; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman Sachs"); and (c) potential conflicts of interest faced by Company insiders.

6

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

23.     The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the following metrics for National Western: (a) deferred sales inducements amortization expense; (b) cost of reinsurance; (c) market risk benefit expense; (d) reinsurance gain amortization; and (e) GAAP expense capitalization for deferred acquisition costs.[3]

*Material Misrepresentations and/or Omissions Concerning the Financial Analyses Prepared by Goldman Sachs*

24.     The Proxy Statement fails to disclose material information concerning the financial analyses prepared by Goldman Sachs.

25.     As to the *Illustrative Dividend Discount Model* performed by Goldman Sachs, the Proxy Statement fails to disclose: (a) the estimated capital return to stockholders from the Company for the third quarter of 2023 through 2027; (b) the Company's terminal values; and (c) the Company's fully diluted outstanding shares.

26.     As to the *Illustrative Present Value of Future Share Price Analysis* performed by Goldman Sachs, the Proxy Statement fails to disclose: (a) the Company's projected book value per share of Company common stock (excluding AOCI) as of December 31, 2023, 2024

---

[3] *See* Proxy Statement at 52, stating that "National Western's management prepared the Forecasts by converting the Company's most recent National Western Life projections from statutory principles to GAAP, using statutory vs GAAP accounting differences previously identified as part of the Company's annual audit reporting process." According to the Proxy Statement, these differences include "amortization expense for deferred acquisition costs ("DAC"), deferred sales inducements "DSI" amortization expense and cost of reinsurance ("COR"), as well as market risk benefit ("MRB") expense, reinsurance gain amortization and GAAP expense capitalization for DAC."

and 2025; and (b) the estimated distributions to be paid per share of Company common stock through the end of the applicable period.

27. As to the *Premia Paid Analysis* performed by Goldman Sachs, she Proxy Statement fails to disclose the transactions analyzed and their respective, corresponding premia.

*Material Misrepresentations and/or Omissions Concerning Potential Conflicts of Interest Affecting Company Insiders*

28. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest affecting Company Insiders, including whether any of Prosperity Life's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

29. The omission of the above-referenced information renders statements in the "Certain Prospective Unaudited Financial and Operating Information of National Western," "Opinion of National Western's Financial Advisor," "Background of the Merger," and "Compensation Arrangements with Parent" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

30. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and National Western**

31.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

32.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.  National Western is liable as the issuer of these statements.

33.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

34.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

35.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

36.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

9

37. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

38. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of National Western within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of National Western and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

41. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

42. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to

control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

43. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

44. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the

Exchange Act;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: December 13, 2023      **LONG LAW, LLC**

              By: */s/ Brian D. Long*
                 Brian D. Long (#4347)
                 3828 Kennett Pike, Suite 208
                 Wilmington, DE 19807
                 Telephone: (302) 729-9100
                 Email: BDLong@LongLawDE.com

                 *Attorneys for Plaintiff*